

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2008

# Jayne v. Google Internet

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4083

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jayne v. Google Internet" (2008). *2008 Decisions*. Paper 1630.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1630

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4083
_____

DYLAN STEPHEN JAYNE,

Appellant

v.

GOOGLE INTERNET SEARCH ENGINE FOUNDERS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 07-cv-01677)
District Judge:  Honorable James M. Munley

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 5, 2008

Before: AMBRO, FUENTES and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed February 7, 2008)
_____

OPINION
_____

PER CURIAM

This appeal arises from the order of the United States District Court for the Middle

District of Pennsylvania dismissing Dylan Stephen Jayne's complaint pursuant to 28

U.S.C. § 1915(e)(2)(B).  We will affirm.

In September 2007, Jayne filed an action, pursuant to 42 U.S.C. § 1983, against the founders of the Google internet search engine, alleging that his social security number when turned upside down is a scrambled code that spells the name "Google." The District Court reviewed the lawsuit pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed it sua sponte for failure to state a claim. Jayne filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's sua sponte dismissal for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

To prevail on his § 1983 claim, Jayne must demonstrate that the named defendants acted under color of state law and deprived him of rights secured by the Constitution or federal law. See Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998). It is clear that neither of these criteria is satisfied here. As explained by the District Court, Google and its founders are not state actors, and Jayne's allegation concerning his coded social security number does not constitute a violation of the Constitution or federal law. We also agree that any amendment of the complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110 (3d Cir. 2002).

For these reasons, we will affirm the District Court's order.